

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2005

# Brown v. Zurich Amer Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2282

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Brown v. Zurich Amer Ins Co" (2005). *2005 Decisions.* Paper 990.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/990

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-2282

———————

ADAM BROWN
d/b/a Iliad Antik,

                                                                    Appellant

v.

ZURICH-AMERICAN INSURANCE COMPANY

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 02-07838)
Honorable James McGirr Kelly, District Judge

———————

Argued June 2, 2005

BEFORE:  FUENTES, GREENBERG, and COWEN, Circuit Judges

(Filed: June 20, 2005)

———————

Alan C. Milstein (argued)
Sherman, Silverstein, Kohl,
Rose & Podolsky
4300 Haddonfield Road
Suite 311
Pennsauken, N.J. 08109

     Attorneys for Appellant

Robert B. White, Jr.

1515 Market Street

Suite 1800
Philadelphia, PA 19102

John J. Hession (argued)
1225 Franklin Avenue
Suite 325
Garden City, NY 11530

Attorneys for Appellee

---

OPINION OF THE COURT

---

GREENBERG, Circuit Judge.

This matter comes on before this court on the appeal of plaintiff Adam Brown, d/b/a Iliad Antik, from an order entered in the district court on April 29, 2004, dismissing this action. We first set forth the unusual procedural and factual history of this case.

Brown initiated this diversity of citizenship action governed by Pennsylvania law against Zurich-American Insurance Company seeking to recover under a policy Zurich wrote covering property damage losses, alleging that on or about August 12, 2002, he had suffered flood damage to Biedermeier furniture that he had acquired and that was in a facility in Prague, in the Czech Republic, at the time of the flood. Brown had acquired the furniture from its owners in and around Prague with the intent of importing it into the United States and to sell it in a restored condition. While there is no question that Zurich wrote the policy and that it was in effect at the time of the loss and, in some

2

circumstances, would have covered his loss, when Brown made his claim Zurich denied coverage. Zurich denied the claim because while the policy provided that its "territorial limits" were "anywhere in the World," it further provided that the territorial limits of the policy "exclud[ed] the former Iron Curtain countries," and thus excluded the Czech Republic.

Brown moved for summary judgment on the theory that at the time of the loss the property had not been in a "former Iron Curtain" country as the Czech Republic did not exist as a political entity until January 1, 1993, which was after the dissolution of the Iron Curtain. Thus, in Brown's view, the property had not been in a former Iron Curtain country during the time he owned it or at the time of the loss, and, accordingly, the exclusion to the world-wide coverage area could not apply. Of course, Zurich opposed the motion. Nevertheless, even though its argument, if accepted, i.e. that the Czech Republic should be regarded as a former Iron Curtain country for purposes of Brown's policy, would have entitled it to a summary judgment, it did not file a cross-motion seeking such a judgment.

The district court ruled on Brown's motion by a memorandum and order dated March 31, 2004. After setting forth the factual history of the case and the criteria for disposition of the motion under Fed. R. Civ. P. 56(c), the court continued with its discussion, describing the history of the Iron Curtain and Brown's argument. The court pointed out that during the time of the Iron Curtain the Czech Republic and Slovakia

3

together constituted Czechoslovakia which undoubtedly had been an Iron Curtain country. It then concluded that a former Iron Curtain country "include[d] any political state that was previously an Iron Curtain country, without regard for what form that political state is in now." It continued that the Czech Republic "was not fashioned from whole cloth, but derived from the divorce of the Czechs and the Slovaks that made up Czechoslovakia [and thus] was previously or at a time in the past, Czechoslovakia, an Iron Curtain country." Consequently, it concluded that whether "examined geographically or grammatically, there is only one reasonable interpretation of the phrase 'former Iron Curtain countries'" and that the Czech Republic is one such country. Therefore, it denied Brown's motion for summary judgment.

The court's disposition left the case in a peculiar posture. Clearly, under its opinion Zurich was entitled to a summary judgment though it had not sought one. Thus, notwithstanding the March 31, 2004 opinion and order the case would go on to its inevitable demise. Brown, of course, recognized that the court's decision "had the practical effect of granting [Zurich] summary judgment," appellant's br. at 3, and he accordingly filed a motion to convert the order of March 31, 2004, into a final order so that the case would be over and he could appeal. The district court on April 29, 2004, granted Brown's motion and in its order "summarily dismissed [the complaint] for the reasons stated in the Memorandum and Order of March 31, 2004." This order, in effect, granted Zurich a summary judgment on the merits. Brown then appealed from the order

4

of April 29, 2004.

Ordinarily we would not have jurisdiction over an appeal from an order denying summary judgment. That principle, however, is inapplicable here as Brown appeals from an order effectively granting summary judgment against him. Furthermore, usually a party cannot appeal from an order it sought. Here, however, it is clear that Brown sought the order of April 29, 2004, only as a logical corollary to the order of March 31, 2004. Certainly, Brown did not bring this action in the hope it would be dismissed. Rather, he wanted to recover a judgment against Zurich. Finally, we are not barred from entertaining this appeal on the theory that some aspect of the case remains open in the district court or that the case was dismissed without prejudice. To the contrary, the case was resolved completely in the district court and, inasmuch as the dismissal was on the merits, Brown cannot reinstitute it without being barred by principles of claim preclusion. Thus, we have jurisdiction under 28 U.S.C. § 1291.

On this appeal we exercise plenary review. See USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 199 (3d Cir. 2003), cert. denied, 541 U.S. 903 (2004). Therefore, we use the same standard as the district court did in originally granting summary judgment and can affirm only "if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and [Zurich] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

After our review of this matter, we have concluded that the policy is not ambiguous with respect to its application to Brown's property. The territorial limitation provision does not relate to political entities. Thus, it is not captioned, e.g., "Political Entity Limits." Rather, it is captioned "Territorial Limits," i.e., therefore relating to land mass. Accordingly, the reference to Iron Curtain countries was for the purpose of defining areas. Therefore, inasmuch as Prague undoubtedly was behind the Iron Curtain, the exclusion applies.

We realize, as Brown points out, that there possibly could be a different result in cases involving losses at locations within the former German Democratic Republic (East Germany), which was an Iron Curtain country. To reunify Germany, the former East Germany became a part of the Federal Republic of Germany (formerly West Germany), an entity that never was an Iron Curtain country. But the Czech Republic is different from the Federal Republic of Germany, as it did not in political terms exist before the dissolution of the Iron Curtain. Moreover, the Czech Republic and Slovakia are the successors to Czechoslovakia which undoubtedly was behind the Iron Curtain. Consequently, Prague and the entire Czech Republic, unlike the German Democratic Republic, did not become part of a country that never was behind the Iron Curtain. Therefore, the Federal Republic of Germany is not, unlike the Czech Republic, a replacement of an Iron Curtain country.

In reaching our result we also point out that if the loss here had been prior to

6

January 1, 1993, there clearly could not have been a recovery on the policy had it been in effect at that time. After all, everyone agrees that before that date the property was in an Iron Curtain country. It is difficult to understand why the result should be any different for a loss on or after that date merely because Czechoslovakia was partioned at that time, as we see no reason to believe that the partioning somehow could have lessened the risk that Zurich was taking. In any event, Brown does not contend that the political dissolution of Czechoslovakia decreased the risk to property in Prague from the risk to it immediately prior to the partion.

In reaching our result we have not overlooked Brown's argument that the district court's decision (and thus by extension our opinion) achieves "a result that is respectfully called absurd." Appellant's br. at 24. He makes this statement because he correctly points out that the exclusion does not apply in countries that never were behind the Iron Curtain but in which, in his view, "chaos has replaced the rule of law." Id.

He supports his argument with the principle that "the proper interpretation of a contract 'is the one which appears to be in accord with justice and common sense and the probable intention of the parties,'" quoting Keating v. Stadium Mgmt. Corp. 508 N.E.2d 121, 124-25 (Mass. App. Ct. 1987). Appellant's br. at 24. But this principle does not allow us to rewrite the policy. Thus, we cannot delete the Territorial Limits provision from the policy or delete the Iron Curtain exclusion from the provision. Moreover, we cannot borrow principles of under inclusion from First Amendment constitutional law and

apply them in a contract law setting so as to eliminate the Iron Curtain exclusion. Thus, while we agree that risk to property is probably far greater in certain areas of the world that never were behind the Iron Curtain than the risk in Prague, which we know has redeveloped into a magnificent city, still we cannot eliminate the Iron Curtain exclusion on the grounds that it is foolish for Zurich to include it in its policies.

Furthermore, it is difficult for Brown to argue cogently that the "probable intention of the parties" was to provide for coverage here. After all, Brown obtained the policy on or about December 26, 2000, for a one-year term (it was renewed in December 2001) and did not lease his facility in Prague until January 2002. Moreover, he testified at his disposition that while he "reviewed the policy" when he obtained it he was not aware of the Territorial Limits provision and did not become so "until after [he] had the losses" in the flood. App. at 47. It is unfortunate that when Brown leased his Prague facility he did not review his insurance for if he had read the Territorial Limits provision it surely would have alerted him to his potential insurance coverage problem.

The order of April 29, 2004, will be affirmed.